IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02760-BNB

TRAVIS RASHAD BARNES,

    Applicant,

v.

WARDEN JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Applicant, Travis Rashad Barnes, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Barnes has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. #1) challenging the validity of his conviction in Denver District Court case number 02CR2728.  On November 21, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 29, 2011, Respondents filed their Pre-Answer Response (Doc. #10).  On December 19, 2011, Mr. Barnes filed his reply to the Pre-Answer Response (Doc. #12).

    The Court must construe the Application and other papers filed by Mr. Barnes

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the case will be drawn to a district judge and to a magistrate judge.

Mr. Barnes was convicted by a jury on two counts of first degree murder after deliberation.  The judgment of conviction was affirmed on direct appeal.  *See People v. Barnes*, No. 04CA0357 (Colo. App. June 7, 2007) (Doc. #10-7) (unpublished) ("*Barnes I*").  On February 4, 2008, the Colorado Supreme Court denied Mr. Barnes' petition for writ of certiorari on direct appeal.  (*See* Doc. #10-9.)

On October 1, 2008, Mr. Barnes filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  On October 16, 2009, the trial court denied the Rule 35(c) motion and the denial of the Rule 35(c) motion was affirmed on appeal.  *See People v. Barnes*, No. 09CA2438 (Colo. App. Apr. 21, 2011) (Doc. #10-12) (unpublished) ("*Barnes II*").  On July 25, 2011, the Colorado Supreme Court denied Mr. Barnes' petition for writ of certiorari in the state court postconviction proceedings.  (*See* Doc. #10-14.)

Mr. Barnes asserts three claims for relief in the Application.  He first claims that his rights under the Confrontation Clause were violated when the prosecution was allowed to present hearsay evidence without calling the out-of-court declarant as a witness.  Mr. Barnes alleges in support of the Confrontation Clause claim that, although the statement was hearsay, the prosecution justified its inquiry about the statement as foundation for anticipated impeachment testimony but then failed to call the out-of-court

declarant as a witness to testify about the statement. Mr. Barnes' second claim is that trial counsel was ineffective when counsel failed to object and renew his motion for a mistrial after the prosecution rested without calling the out-of-court declarant as a witness. Mr. Barnes finally claims that direct appeal counsel was ineffective by failing to raise the Confrontation Clause claim properly on direct appeal.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). Respondents also concede that Mr. Barnes has exhausted state remedies for his two ineffective assistance of counsel claims. However, Respondents argue that Mr. Barnes' Confrontation Clause claim is not exhausted and is procedurally barred. Respondents also state that the Confrontation Clause claim, if exhausted, collapses into the ineffective assistance of appellate counsel claim but Respondents do not explain this statement further. The Court recognizes that the Confrontation Clause claim is related to the ineffective assistance of counsel claims and that, an analysis of the ineffective assistance of counsel claims may require inquiry into the merits of the Confrontation Clause claim. However, for the purposes of this order, the Court will consider only whether the Confrontation Clause claim has been exhausted and can be presented as a stand-alone claim in this habeas corpus action.

Pursuant to 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the petitioner's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Barnes did not fairly present the Confrontation Clause claim to the state's highest court.  As Mr. Barnes himself recognizes in his allegations in support of his ineffective assistance of appellate counsel claim, counsel on direct appeal did not raise the Confrontation Clause claim in the opening brief and instead raised the claim for the first time in the reply brief.  Relying on state law, *see People v. Salinas*, 55 P.3d 268, 270 (Colo. App. 2002) (refusing to

4

consider claim raised for the first time in a reply brief); *see also People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990) (same), the Colorado Court of Appeals declined to consider the Confrontation Clause claim because it was not presented in Mr. Barnes' opening brief.  *See Barnes I* at 27 (Doc. #10-7 at 27).  Therefore, the Confrontation Clause claim was not fairly presented to the state appellate courts and is not exhausted.

Although Mr. Barnes failed to exhaust state remedies for his Confrontation Clause claim, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. Barnes no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351.  The Court finds that Mr. Barnes no longer has an adequate and effective state remedy available to him because postconviction review is not available in Colorado to raise claims that could have been raised in a prior action. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also Barnes II* at 6 n.1 (noting that Mr. Barnes could have raised the Confrontation Clause claim on direct appeal) (Doc. #10-12 at 6 n.1).  Therefore, the Court finds that Mr. Barnes' Confrontation Clause claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of

cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Barnes' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Barnes apparently concedes that the Colorado Court of Appeals refused to consider the merits of his Confrontation Clause claim on an independent and adequate state procedural ground. He also does not raise any argument relevant to the fundamental miscarriage of justice exception. Therefore, the Court will consider only whether Mr. Barnes can satisfy the cause and prejudice exception.

To demonstrate cause for his procedural default, Mr. Barnes must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [Applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Barnes does not address specifically whether he can demonstrate cause for his procedural default. Nevertheless, construing the application liberally, Mr. Barnes may be able to demonstrate cause for his procedural default because ineffective assistance of counsel is sufficient to demonstrate cause, *see id.* at 494, and Mr. Barnes contends in his third claim for relief that counsel on direct appeal was ineffective for

failing to raise the Confrontation Clause claim properly. Because Respondents concede that Mr. Barnes has exhausted state remedies for his claim that direct appeal counsel was ineffective, Mr. Barnes may use direct appeal counsel's alleged ineffectiveness to establish cause. *See Murray*, 477 U.S. at 488-89.

The question then becomes whether Mr. Barnes can show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. In order to determine whether prejudice exists, the Court must consider the merits of the omitted claim. *See Johnson v. Gibson*, 169 F.3d 1239, 1251 (10th Cir. 1999). However, the parties have not had an opportunity yet to brief the merits of the Confrontation Clause claim that counsel allegedly failed to raise properly on direct appeal. Furthermore, the merits of the Confrontation Clause claim also are relevant at least to the ineffective assistance of appellate counsel claim Respondent concedes is exhausted. *See, e.g., Cargle v. Mullin*, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (stating that a court "look[s] to the merits of the omitted issue" when "analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal"). Therefore, the Court will not dismiss the Confrontation Clause claim at this time as procedurally barred. Instead, the entire action will be drawn to a district judge for further proceedings.

In summary, Respondents do not raise the affirmative defense of the one-year limitation period. Respondents concede that Mr. Barnes has exhausted state remedies for his two ineffective assistance of counsel claims. Although the Court agrees with Respondents that the Confrontation Clause claim is not exhausted as a stand-alone claim, the Court also finds that the merits of his Confrontation Clause claim are relevant to a determination of whether that claim is procedurally barred. Therefore, the Court will

not dismiss the Confrontation Clause at this time as procedurally barred.  As a result, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   1st   day of    February   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court